UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYSON JAMAL MCINTYRE,<br>Plaintiff,<br>v.<br>ALAMEDA COUNTY SHERIFF'S DEPT., et al.,<br>Defendants. | Case No. 26-cv-06590-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

## INTRODUCTION

Bryson McIntrye, a pretrial detainee at Santa Rita Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff filed an amended complaint. The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The amended complaint is DISMISSED with leave to file a second amended complaint on or before **November 23, 2026**. Failure to file a second amended complaint correcting the deficiencies identified by November 23, 2026, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

Plaintiff alleges as follows:

He suffers from a severe skin allergy that is painful, debilitating, and interferes with sleep and daily life. (Dkt. No. 7 at 4.) Defendants at the jail were aware of his allergy, that it was caused by the laundry detergent, and that there was a risk of infection. (*Id.*) Defendants were aware the rash became infected, causing swollen lymph nodes, but ignored Plaintiff's requests for medical assistance and accommodations. (*Id.*) Plaintiff eventually received surgery at an outside hospital. (*Id.* at 5.)

Plaintiff was forced to wash his own clothes and sheets using bar soap that he purchased, but often he did not have money to buy soap. (*Id.*) He dried his clothes by hanging them on tables where detainees eat. (*Id.*) On one occasion, Defendant Sergeant Chase did not allow Plaintiff to dry his clothes, and he was forced to sleep on a wet sheet, which could have caused an infection. (*Id.*) Plaintiff also had to clean his toilet without gloves, which was also a risk for

infection. (*Id.*)

**C. Jail Conditions**

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024).

Denying a pretrial detainee "the minimal civilized measure[s] of life's necessities," including sanitation needs, may amount to a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15, *as amended*, 75 F.3d 448 (9th Cir. 1995).

The original complaint was dismissed with leave to amend to provide more information, but the amended complaint generally repeats the allegations from the prior complaint. Plaintiff is again informed that detergent that caused a rash, sleeping once on wet sheets, and cleaning a toilet without gloves, do not constitute a denial of the sanitation needs or life's necessities. Nor does Plaintiff state sufficient facts to permit an inference that these actions were intended to punish. Not being able to wash one's clothes for a prolonged period could potentially constitute a denial of sanitation needs, but Plaintiff indicates that he generally had other ways to wash his clothes, except in one instance. Nor is there any indication that the selection of the detergent was intended to punish Plaintiff. Accordingly, Plaintiff has not sufficiently alleged a constitutional

violation based on these conditions. The amended complaint is dismissed with leave to amend. Plaintiff must provide more information in a second amended complaint describing how these conditions violated his constitutional rights.

**D. Medical Care**

A claim for a violation of a detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. For the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id*. (citations and internal quotation marks omitted). A lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

His allegations about the lack of treatment for his lymph nodes and the resulting hospitalization are sufficient to indicate that he was at substantial risk of serious harm. However, Plaintiff has not addressed the deficiencies previously noted by the Court. He failed to provide any information about the specific individuals who allegedly denied him medical care, or why those specific individuals would be expected to know the details of his situation such that they should have appreciated the risk to him. For example, he does not state when he asked for medical treatment, what treatment he asked for, who he requested it from, or how he described

his condition in that request.

Also, Plaintiff's claim against the Alameda County Sheriff's Department presents no additional allegations and does not sufficiently allege the *Monell* requirements for a violation of constitutional rights resulting from governmental inaction or omission. To do so, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Any second amended complaint by Plaintiff against a government agency pursuant to *Monell* must address these legal standards. Plaintiff must identify the rights violated by the agency's policy or practice, provide details on that policy or practice, and explain how the policy or practice specifically caused his injuries.

**E. Americans with Disabilities Act**

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq*., ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in

or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted).

Plaintiff again indicated that he was bringing a claim pursuant to the ADA. (Dkt. No. 7 at 3.) However, he only stated that his abrasions were a disability under the ADA and Defendants ignored his requests for accommodations. (*Id*. at 5.) Plaintiff did not identify what accommodations were denied or what benefit or service he was excluded from due to his disability. Plaintiff must provide more information in a second amended complaint.

## CONCLUSION

In sum, the amended complaint failed to correct the deficiencies identified in the prior order. The Court nonetheless exercises its discretion to permit leave to amend. It appears that Plaintiff may have suffered from a filing error. The amended complaint repeatedly refers to an attachment, but no attachment was provided. (Dkt. No. 7 at 4-5.) The amended complaint was submitted to the Court electronically by Plaintiff's criminal defense attorney, who does not represent him in this case and requested leave to file one day late. (Dkt. No. 8 at 1.) In light of the situation, Plaintiff may have one last opportunity to correct the deficiencies at issue in an amended complaint.

The motion to file the amended complaint one day late (Dkt. No. 8) is GRANTED. The amended complaint is DISMISSED with leave to file a second amended complaint on or before **November 23, 2026**. The second amended complaint must include the caption and civil case number used in this order (26-6590 RFL (PR)) and the words Second AMENDED COMPLAINT on the first page. <u>The second amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by

reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 21, 2026

RITA F. LIN
United States District Judge